UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES GYPSUM COMPANY, | ) ) ) | Case No. 1:10-cv-1553 |
| Plaintiff, | ) ) | Judge Lesley Wells |
| v. | ) ) | |
| KCG, INC., d/b/a MAGNUM PRODUCTS, | ) ) ) | |
| Defendant. | ) ) | |

## Consent Injunction and Order of Dismissal

WHEREAS, plaintiff United States Gypsum Company ("USG") and defendant KCG, Inc. ("KCG"), are parties to this civil action (the "Litigation"), and the Court has personal jurisdiction over the parties and subject matter jurisdiction over the claims and defenses asserted in the Litigation;

WHEREAS, USG markets, distributes and sells certain of its setting-type joint compound products in a white bag, as exemplified by the following (and as shown on Exhibit A hereto as the "USG Trade Dress"):



WHEREAS, KCG adopted packaging for certain of its setting-type joint compound that comprises a white bag (the "Accused Packaging"), as exemplified by the following(and as shown on Exhibit A hereto):



WHEREAS, USG in the Litigation has asserted claims against KCG for trade dress infringement under the Lanham Act, violations of the Ohio Deceptive Trade Practices Act, unfair competition, and unjust enrichment based on KCG's adoption and use of the Accused Packaging, which claims KCG denies.

WHEREAS, USG and KCG, by and through their undersigned attorneys, in consideration of the terms and conditions of their written agreement, hereby consent to the dismissal of the claims and defenses asserted in this case without prejudice and the entry of a permanent injunction by consent as set forth herein.

NOW, THEREFORE, based on the parties' agreement, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     This case is dismissed, without prejudice, pursuant to a settlement agreement executed by the parties effective as of the 28th day of September, 2010 (the "Settlement Agreement"), which is incorporated herein by reference.

2.      All claims, causes of action, and defenses alleged or asserted in this case are hereby dismissed <u>without</u> prejudice.

3.      KCG, its officers, agents, servants, employees and attorneys, and all other persons who are in active concert or participation therewith, are permanently enjoined from selling or distributing products using the Accused Packaging or any colorable imitations thereof; <u>provided, however</u>, that KCG may sell up to, but no more than, 3,000 bags of products using the Accused Packaging between September 28, 2010, and the date on which it receives the New Bags required by the Settlement Agreement so long as those bags have been modified using permanently-affixed stickers as follows (and as shown on Exhibit A hereto as the "Modified Bags"):



4.      The Court retains jurisdiction over the subject matter of and parties to this case for purposes of adjudicating any disputes arising under this Consent Injunction and Order of Dismissal and the Settlement Agreement.

5.      Each party shall bear its own costs and attorneys' fees.

//

//

IT IS SO ORDERED this _18th_ day of October, 2010.

_Lesley Wells_

Judge Lesley Wells
United States District Judge


Approved as to form and substance by:


/s/ David T. Movius
David T. Movius (OH 0070132)
 dmovius@mcdonaldhopkins.com
David B. Cupar (OH 0071622)
 dcupar@mcdonaldhopkins.com
Matthew J. Cavanagh (OH 0079522)
 mcavanagh@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
T 216.348.5400
F 216.348.5474

_Counsel for United
States Gypsum Company_

/s/ Mark C. Johnson (by consent)
Mark C. Johnson, (0072625)
 mjohnson@rennerotto.com
Jay R. Campbell (0041293)
 jcampbell@rennerotto.com
Renner, Otto, Boisselle & Sklar, LLP
1621 Euclid Avenue, 19th Floor
Cleveland, Ohio 44115
T 216.621.1113
F 216.621.6165

_Counsel for KCG, Inc._

**Exhibit A**



**The USG Trade Dress**



**The Accused Packaging**



**The Modified Bags**